# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 98-40628
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FREDDIE CAMACHO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-272-2

February 1, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Freddie Camacho of kidnaping, in violation of 18 U.S.C. § 1201(a). The district court sentenced Camacho to life imprisonment and to five years of supervised release. Camacho timely filed this appeal, in which he makes several assignments of error. None of Camacho's contentions has merit. We affirm.

First, Camacho contends that the district court violated his due process rights by sentencing him for an offense, murder, which the Government had not pleaded and had not proved. The district court sentenced Camacho under U.S.S.G. § 2A4.1(c), which cross-referenced the sentencing guideline for murder.[2] Because Camacho raises this claim for the first

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Camacho was sentenced under the following cross-reference provision: "If the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing take place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)."

time on appeal, he must show that the district court committed plain error.[3]  When a defendant is charged with and convicted of an offense, "the sentencing court may nevertheless consider the relevant but uncharged conduct as long as the punishment selected is within the statutory range for the offense of conviction."[4]  The kidnaping statute under which Camacho was convicted, 18 U.S.C. § 1201, prescribes punishment by death or life imprisonment "if the death of any person results" from the kidnaping.[5]  Accordingly, Camacho cannot show error, plain or otherwise.

Second, Camacho argues that the district court violated his due process rights by applying enhancement provisions U.S.S.G. § 2A4.1(b)(2)(A) and (b)(7) to enhance his offense level, when the Government did not plead the conduct underlying those enhancements in the indictment and the jury made no findings regarding that conduct.[6]  Because Camacho also raises this contention for the first time on appeal, the plain error standard again applies.[7]  Camacho's contention is without merit.  The district court ultimately did not sentence Camacho under these enhancement provisions because it applied the aforementioned cross-reference provision.  Moreover, sentencing factors need not be proved beyond a reasonable doubt, but only by a preponderance of the evidence.[8]  Again, Camacho has not shown error, plain or otherwise.

Third, Camacho argues the evidence offered at sentencing was insufficent to establish that he should be held responsible for the later murder of the kidnaping victim.  He also maintains that the evidence did not clearly establish that the victim's death in fact resulted from murder.  Under

---

U.S.S.G. § 2A4.1(c)(1).

[3]  *See United States v. Calverley*, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

[4]  *See United States v. McCaskey*, 9 F.3d 368, 377 (5th Cir. 1993).

[5]  *See* 18 U.S.C. § 1201(a).

[6]  The district court stated that Camacho's base offense level should be enhanced by four levels because the victim sustained a "permanent . . . injury," under § 2A4.1(b)(2)(A), and by additional levels because the kidnaping was committed in connection with a drug offense, under § 2A4.1(b)(7).

[7]  *See Calverley*, 37 F.3d at 162-63.

[8]  *See United States v. Casto*, 889 F.2d 562, 569-70 (5th Cir. 1989).

the relevant-conduct guideline, U.S.S.G. § 1B1.3(a)(1)(B), a defendant is liable for "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity."[9]  "Jointly undertaken criminal activity" is "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy."[10]  "Each of these determinations ('reasonable foreseeability,' 'in furtherance,' and the existence of 'jointly undertaken criminal activity') is factual and therefore is reviewed under the clearly erroneous standard."[11]  Our review of the circumstances of the instant kidnaping leads us to the inescapable conclusion that the district court did not clearly err by determining that the evidence showed both that a murder occurred and that the murder was reasonably foreseeable to Camacho.

Finally, Camacho maintains that his trial counsel performed ineffectively by failing to object to testimony by a Government witness at trial that Camacho had engaged in other violent criminal acts.  Generally, ineffective assistance of counsel claims may not be litigated on direct appeal unless they are adequately raised and addressed in the district court.[12]  We will address only the merits of such a claim on direct appeal in rare cases where the record allows the court to evaluate fairly the merits of the claim.[13]  Camacho's ineffectiveness claim was neither raised nor addressed in district court, and the record is inadequate to permit us to address the claim.

AFFIRMED.

---

[9]    *United States v. Hull*, 160 F.3d 265, 268-69 (5th Cir. 1998) (quoting U.S.S.G. § 1B1.3(a)(1)(B)).

[10]    *Id.*

[11]    *Id.*

[12]    *United States v. Rivas*, 157 F.3d 364, 369 (5th Cir. 1998).

[13]    *Id.* (quotation and citation omitted).